UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM DAVIS, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | 2:13-cv-02061-RCJ-CWH | |
| vs. ) | | |
| ) | | |
| BAYVIEW LOAN SERVICING, LLC, ) | **ORDER** | |
| ) | | |
| Defendant. ) | | |
| ) | | |

This is a residential foreclosure avoidance case. Defendant has moved to dismiss. For the reasons given herein, the Court grants the motion, with leave to amend.

I.     **FACTS AND PROCEDURAL HISTORY**

Plaintiff William Davis is the owner of real property at 2769 Liberation Dr., Henderson, Nevada (the "Property"). (Am. Compl. ¶ 1, Oct. 1, 2013, ECF No. 1, at 7). Plaintiff has had difficulty making his mortgage payments on the Property, but he is not in default. (*See id.* ¶¶ 4–5). Plaintiff has attempted to modify his mortgage with Defendant Bayview Loan Servicing, LLC since July 2012 pursuant to the HAMP and HARP programs, but Defendants has refused to modify Plaintiff's mortgage. (*See id.* ¶¶ 6–13).

Plaintiff sued Defendant in state court for breach of contract and promissory estoppel. Defendant removed the First Amended Complaint ("FAC") and has now moved to dismiss it for failure to state a claim.

///

///

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

1   "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

The Court grants the motion, with leave to amend. Plaintiff does not plead the elements of either a breach of contract or a promissory estoppel claim. As to a breach of contract, Plaintiff alleges only that he has accepted Defendant's offer to participate in the HARP and HAMP programs. (*See* Am. Compl. ¶ 8). But an offer to negotiate is not an offer to modify. Plaintiff alleges no modification agreement, and he implies there is none. (*See id.* ¶ 13 ("There is no reason why Plaintiff should not receive a loan modification . . . .")). As to the promissory estoppel claim, Plaintiff alleges no promise by Defendant to modify Plaintiff's mortgage. Plaintiff only alleges having relied to his detriment on unspecified "representations." (*See id.*). Plaintiff alleges no terms of any modification agreement or terms of any representations made by Defendant. Plaintiff has only responded by noting that he intends to amend if the Court grants the present motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED, with leave to amend.

IT IS SO ORDERED.

Dated this 4th day of December, 2013.

_____
ROBERT C. JONES
United States District Judge