UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM DAVIS,<br><br>        Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC,<br><br>        Defendant. | 2:13-cv-02061-RCJ-CWH<br><br>**ORDER** |

      This is a residential foreclosure avoidance case. Plaintiff William Davis is the owner of real property at 2769 Liberation Dr., Henderson, Nevada (the "Property"). (Am. Compl. ¶ 1, Oct. 1, 2013, ECF No. 1, at 7). Plaintiff has had difficulty making his mortgage payments on the Property, but he is not in default. (*See id.* ¶¶ 4–5). Plaintiff has attempted to modify his mortgage with Defendant Bayview Loan Servicing, LLC since July 2012 pursuant to the HAMP and HARP programs, but Defendant has refused to modify Plaintiff's mortgage. (*See id.* ¶¶ 6–13).

      Plaintiff sued Defendant in state court for breach of contract and promissory estoppel as to a putative modification agreement. Defendant removed the First Amended Complaint and moved to dismiss. The Court granted the motion to dismiss on December 4, 2013, giving Plaintiff leave to amend to state a claim for breach of contract or promissory estoppel. When Plaintiff failed to amend by January 14, 2014, Defendant moved to dismiss for failure to prosecute under Rule 41(b). Plaintiff has responded by asking the Court to give him thirty more days to file an amended complaint, or, alternatively, to dismiss without prejudice.

      The Court denies the motion to dismiss but will give Plaintiff only seven more days to

amend. Although Plaintiff inappropriately cites to Nevada procedural law concerning amendment, the purposes behind Rule 15 in the federal courts are similar. The Court in its December 4, 2013 order delineated no particular time for Plaintiff to amend. However, the time Plaintiff requests is unreasonable. Plaintiff has already, as of the writing of this Order, had two months to file an amended complaint to state a simple breach of contract and/or promissory estoppel claim, after receiving specific guidance from the Court as to the nature of the deficiencies, and in a case where the facts supporting the claims should be simple to obtain from the client if they in fact exist. Indeed, Plaintiff's only response to the previous motion to dismiss was not a substantive response but only an indication that he intended to amend if the Court were inclined to grant the motion, implying that Plaintiff already at that time had cause to assert that amendment would not be futile, i.e., that he had in his knowledge facts to support the claims. Plaintiff cites only his attorney's personal and professional commitments for the failure to file an amended complaint two months later, but an attorney has an ethical duty not to maintain more cases than he can efficiently prosecute or defend. The Court will give Plaintiff seven more days to file an amended complaint. That time, in addition to the two months that have already passed since dismissal, is more than fair. A third month to amend the relatively simple claims in this case would only serve to delay the proceedings unnecessarily.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is DENIED. Plaintiff shall have leave to amend within seven (7) days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

Dated this 12th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge