# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM DAVIS, | ) | |
| Plaintiff, | ) | |
| | ) | 2:13-cv-02061-RCJ-CWH |
| vs. | ) | |
| | ) | |
| BAYVIEW LOAN SERVICING, LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This is a residential foreclosure avoidance case. Plaintiff William Davis is the owner of real property at 2769 Liberation Dr., Henderson, Nevada (the "Property"). (Second Am. Compl. ¶ 1, Feb. 21, 2014, ECF No. 14). Plaintiff has had difficulty making his mortgage payments on the Property, but he is not in default. (*See id.* ¶¶ 4–5). Plaintiff has attempted to modify his mortgage with Defendant Bayview Loan Servicing, LLC since July 2012 pursuant to the HAMP and HARP programs, but Defendant has refused to modify Plaintiff's mortgage. (*See id.* ¶¶ 6–12).

Plaintiff sued Defendant in state court for breach of contract and promissory estoppel as to a putative modification agreement. Defendant removed the First Amended Complaint and moved to dismiss. The Court granted the motion to dismiss, giving Plaintiff leave to amend to state a claim for breach of contract or promissory estoppel. When Plaintiff failed to amend, Defendant moved to dismiss for failure to prosecute under Rule 41(b). The Court denied the motion and gave Plaintiff seven more days to amend. Plaintiff timely filed the Second Amended Complaint ("SAC"), listing claims for breach of contract, promissory estoppel, and unjust

1   enrichment.  Defendant has moved to dismiss the SAC for failure to state a claim.

2         The SAC does not cure the defects in the complaint.  Although slightly reworded, the
3   allegations simply state that Plaintiff believes he is entitled to a modification and that Defendant
4   refuses to give him one.  Plaintiff has added that a previous non-party servicer modified the loan
5   in 2012 pursuant to mediation, (*see id.* ¶¶ 13–16), but Plaintiff does not allege that Defendant has
6   failed to perform under that previous modification.  Plaintiff offers scant argumentation to the
7   effect that he believes he has made out a case of breach of contract or promissory estoppel by
8   completing and mailing paperwork for a HAMP or HARP modification.  But when Defendant
9   sent Plaintiff forms to fill out in order to be considered for a modification, it was not thereby
10  making an offer of modification any more than a bank makes an offer of a loan in the first
11  instance by sending someone a loan application.

12        Finally, the third claim for unjust enrichment is dismissed.  Plaintiff had no leave to add
13  this claim, and in any case, Plaintiff does not allege having conferred any uncompensated benefit
14  upon Defendant. *See Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)
15  (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo. 1967)).

16  **CONCLUSION**

17  IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 15) and the Motion to
18  Extend Time (ECF No. 17) are GRANTED.

19  IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

20  IT IS SO ORDERED.

21  Dated this 17th day of April, 2014.

22  
23                                        ROBERT C. JONES
                                      United States District Judge

24

25